Okorie Okorocha, Esq., SBN 226658
**THE OKOROCHA FIRM**
117 E Colorado Blvd., Ste 465
Pasadena, CA 91105
Phone: (310) 497-0321
Email: Toxlawyer@gmail.com

Attorney for Gene Moran and All Persons Similarly Situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE MORAN, and others similarly situated, <br><br> Plaintiffs, <br> vs. <br><br> OFFICE DEPOT, INC., <br><br> Defendants. | CASE NO.: <br><br> **1.    VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT, CIV.CODE §1780(a), FOR UNDERLYING VIOLATION OF CIV.CODE §1770(7);** <br><br> **2.    VIOLATION OF BUS.& PROF.CODE §17200, UNFAIR, ILLEGAL AND FRAUDULENT BUSINESS PRACTICES** <br><br> **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT FOR DAMAGES

1.     Comes plaintiffs Gene Moran and others similarly situated ("Plaintiffs"), who, pursuant to Fed.R.Civ.P. 8, file this complaint for damages against defendant Office Depot, Inc., altogether ("Defendant").

I.

JURISDICTION, VENUE AND CAPACITY

2     Plaintiff is, and at all times material hereto was, an individual residing in the County of Orange, State of California.

3.     Plaintiff is informed and believes and thereon alleges that Defendant was at all times material hereto located in the City of Boca Raton, Florida for diversity jurisdiction purposes, but has many locations within the state of California.

4.     Subject matter jurisdiction is proper in federal court because the legal issues arise under Title 28 U.S.C. § 1332 (diversity of citizenship); and as to supplemental jurisdiction over state law claims pursuant to Title 28 U.S.C. § 1367 as they are integrally interrelated with Plaintiff's federal law claims.

5.     Because of the location of the Defendants and the cities where the actions giving rise to this case took place, venue is proper pursuant to Title 28 U.S.C. §1391.

6.     Personal jurisdiction over each defendant is proper because each defendant has subjected itself to the jurisdiction of the court by way of its personal contacts with the state that the courts sits in, or a citizen of the state that the court sits in.

II.

FACTS COMMON TO ALL CAUSES OF ACTION/REMEDIES

13.     Plaintiff is informed and believes, and upon such information and belief alleges that on August 19, 2016, he purchased what he understood to be a full leather chair, no. 436534 (only description provided), that was substantially discounted at a sale price of $232.13. None of the items describing the chair for sale nor the invoice mentioned anything about "bonded leather", and nothing mentioned any percentage of the chair that was not leather. (Exhibit "1")

14.     Plaintiff is informed and believes, and upon such information and belief alleges that on or about November 20, 2019, Plaintiff noticed that his "leather" chair was

CLASS ACTION COMPLAINT FOR DAMAGES

peeling like dead skin from a sunburn. (Exhibit "2"). He notified Office Depot by phone and email that he was sold a non-leather chair. Office Depot responded by stating that the chair had "bonded leather". Plaintiff did not know what "bonded leather" was, but subsequently found out that it is scraped, ultra-thin parts from cowhide that are bonded together and dyed to look like real leather.

15.    Plaintiff is informed and believes, and upon such information and belief alleges that he took the chair to a leather repair expert, who advised that no one in the leather industry considers this "bonded leather" to be actual leather, and that they are cheaply made Chinese chairs.

16.    Plaintiff is informed and believes, and upon such information and belief alleges that he revisited Office Depot to look at their "leather chairs". Plaintiff discovered that Office Depot now puts the word "bonded leather" on the tags for their leather chairs, but, does not describe the percentage of or locations on the chairs of the "bonded leather". (Email exchanges attached as Exhibit "3")

17.    Plaintiff is informed and believes, and upon such information and belief alleges that after several email exchanges with Office Depot, they offered to replace the chair with the same bonded leather, which Plaintiff rejected as inadequate because he understood he was purchasing a full leather chair, and would not compromise this material. (Exhibit "4")

III.

CLASS ACTION ALLEGATIONS

18.    The Classes will be ascertainable and sufficiently numerous, made of those consumers with typical claims for purchasing from Defendant chairs with wheels in California that are held out to look like they are covered on any outer surface with genuine leather. The putative class consists of the following:

a)    Where Defendant did not disclose at the point of sale, on showroom display or on Internet web pages, language that conveyed to those purchasing consumers that the chairs with wheels were covered with "bonded leather" and not genuine leather; and also did not disclose the portions of the chairs that were not

genuine leather and the percentages of covered areas that were not genuine leather as set forth in Title 16 §24.2(e)-(g).

      b)     Where Defendant did not disclose at the point of sale, on showroom display or on Internet web pages where Defendant did not disclose at the point of sale, on showroom display or on Internet web pages that portions of the chairs with wheels the percentages of covered areas that were not genuine leather as set forth in Title 16 §24.2(e)-(g).

19.    The Class will be well-formed, and consists of members of at least 1,000 persons in a well-defined community of interest, where the substantial benefits from a class action make the class action preferable to other formats for the lawsuit. This includes all class members having:

      a)     Predominant common questions of fact in the two well-defined classes;

      b)     The Class representative has claims typical of the two Classes; and

      c)     Class counsel will represent the interests of the entire Class adequately; he is well-versed in class action procedure, and has no conflicts of interest to Class members.

      d)     The Class will be bound by Fed.R.Civ.P. 23 and/or Cal. Rules of Court 3.760–3.771.

IV.

CAUSES OF ACTION/REMEDIES

1.

VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT, CIV.CODE §1780(a), FOR UNDERLYING VIOLATION OF CIV.CODE §1770(7)

20.    Plaintiffs reallege all facts as stated in paragraphs 1-19, inclusive, as if set forth individually.

21.    The statutes of limitation for this cause of action is 3 years. However, the cause of action is tolled until November 20, 2019 when Plaintiff first saw his "leather" chair starting to peel. Thus, Plaintiffs and other Class members causes of action are tolled

until that date, and his cause of action accrued on the date under California's date of discovery rule. See *Jolly v. Eli Lilly & Co*. (1988) 44 Cal.3d 1103, 1109.

22.    On April 27, 2020, Plaintiff sent the pre-litigation demand letter under the CLRA to Defendant by certified mail. (See Exhibit "2")

23.    On August 19, 2016, Plaintiff purchased a leather chair from Defendant that was instead bonded leather, which is not real leather, and is a material that requires specific disclosures. ("Exhibit "1")

24.    Defendant's "Leather" chairs qualify as a "good" under the CLRA.

25.    Defendant represented to Plaintiff that their Leather Chair, no. 436534 was leather. There was no mention at all of the chair being a material called "bonded leather".

26.    Pursuant to Title 16 §24.2, Deception as to composition,

Subd. (a), "Imitation or simulated leather. If all or part of an industry product is made of non-leather material that appears to be leather, the fact that the material is not leather, or the general nature of the material as something other than leather, should be disclosed. For example: Not leather; Imitation leather; Simulated leather; Vinyl; Vinyl coated fabric; or Plastic".

(e) Misrepresentation that product is wholly of a particular composition. A misrepresentation should not be made, directly or by implication, that an industry product is made wholly of a particular composition. A representation as to the composition of a particular part of a product should clearly indicate the part to which the representation applies. Where a product is made principally of leather but has certain non-leather parts that appear to be leather, the product may be described as made of leather so long as accompanied by clear disclosure of the non-leather parts. For example:

(f)  Ground, pulverized, shredded, reconstituted, or bonded leather. A material in an industry product that contains ground, pulverized, shredded, reconstituted, or bonded leather and thus is not wholly the hide of an animal should not be represented, directly or by implication, as being leather. This provision does

CLASS ACTION COMPLAINT FOR DAMAGES

not preclude an accurate representation as to the ground, pulverized, shredded, reconstituted, or bonded leather content of the material. However, if the material appears to be leather, it should be accompanied by either:

(1) An adequate disclosure as described by paragraph (a) of this section; or

(2) If the terms "ground leather," "pulverized leather," "shredded leather," "reconstituted leather," or "bonded leather" are used, a disclosure of the percentage of leather fibers and the percentage of non-leather substances contained in the material. For example: An industry product made of a composition material consisting of 60% shredded leather fibers may be described as: Bonded Leather Containing 60% Leather Fibers and 40% Non-leather Substances.

(g) Form of disclosures under this section. All disclosures described in this section should appear in the form of a stamping on the product, or on a tag, label, or card attached to the product, and should be affixed so as to remain on or attached to the product until received by the consumer purchaser. All such disclosures should also appear in all advertising of such products irrespective of the media used whenever statements, representations, or depictions appear in such advertising which, absent such disclosures, serve to create a false impression that the products, or parts thereof, are of a certain kind of composition. The disclosures affixed to products and made in advertising should be of such conspicuousness and clarity as to be noted by purchasers and prospective purchasers casually inspecting the products or casually reading, or listening to, such advertising. A disclosure necessitated by a particular representation should be in close conjunction with the representation.

27.      Defendant violated Civ. Code § 1770(a)(7) by actively concealing that the chair Plaintiff bought was leather, and in failing to disclose the percentage on non-leather material and parts that were not leather, the "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

28.      PLAINTIFF was harmed by Defendant's violation of Civ. Code § 1770(a)(7) by way of concealment of material facts of their product, the composition of and

percentages of non-leather material that would have affected Plaintiff's purchase decision if they had been disclosed; and is actionable pursuant to Civ. Code § 1780(a).

29.     Plaintiff is entitled to damages pursuant to Civ. Code § 1780(a) for Defendant's violation of Civ. Code § 1770(a)(7), in the amount set forth hereinabove.

30.     Plaintiff is entitled to punitive damages pursuant to Civ.Code § 1780(a).

31.     Plaintiff is entitled to attorney's fees pursuant to Civ.Code § 1780(d).

2.

## VIOLATION OF BUS.& PROF.CODE §17200, UNFAIR, ILLEGAL AND FRAUDULENT BUSINESS PRACTICES

32.     Plaintiffs reallege all facts as stated in paragraphs 1-30, inclusive, as if set forth individually.

33.     The statutes of limitation for this cause of action is 4 years. However, the cause of action is tolled until November 20, 2019 when Plaintiff first saw his "leather" chair starting to peel. Thus, Plaintiffs and other Class members causes of action are tolled until that date, and his cause of action accrued on the date under California's date of discovery rule. See *Jolly v. Eli Lilly & Co*. (1988) 44 Cal.3d 1103, 1109.

34.     Defendant is in the business of selling office product, including leather chairs.

35.     Defendant's business practices in selling leather chairs is unfair in that it violates public policy by injuring the consumer substantially by selling bogus leather chairs as being actual leather, there is no countervailing benefit to consumers in buying the bogus leather chairs, and consumers could not avoid the injury because they had no knowledge of the true composition of the bogus leather chairs and the percentages of non-leather material because it was never disclosed.

36.     Defendant's business practices in selling leather chairs is illegal in that it violates Title 16 §24.2(e)-(g).

37.     Plaintiff and others similarly situated have suffered actual pecuniary injuries through the sale of bogus leather chairs.

38.     Plaintiff and others similarly situated have actually relied on Defendant having sold actual leather chairs, when in fact they were not leather chairs. Plaintiff

CLASS ACTION COMPLAINT FOR DAMAGES

and those similarly situated were justified in their reliance of Defendant's representations and omissions because Defendants had a legal duty to disclose the actual composition and material of their purported leather chairs.

39.     Plaintiff seeks restitution and a prohibitory permanent injunction stopping the sales of bogus leather chairs without disclosing their true composition of material and percentage thereof.

V.

JUSTIFICATION FOR PUNITIVE/EXEMPLARY DAMAGES

40.     Because the Defendant's despicable conduct as described hereinabove that was fraudulent and oppressive, Plaintiff and the Class are entitled to an award of punitive damages pursuant to Code Civ.Proc. § 3294. Specifically, Defendant's conduct of misrepresenting the composition of the material and the percentages thereof that are not leather, they have defrauded the general public and oppressed their right to know what they are buying upon purchasing a leather chair.

41.     Managing agent Gerry P. Smith knew of, approved and ratified the policy of selling, cheap, bogus leather chairs made of "bonded leather" without disclosing the true composition of the material and the percentage on non-leather material thereof.

VI.

PRAYER FOR RELIEF

42.     WHEREFORE, Plaintiffs prays for the following relief:

     a.     For compensatory damages in an amount according to proof;

     b.     For general damages in an amount according to proof;

     c.     For non-economic damages for emotional distress;

     d.     For punitive damages pursuant to Civ.Code § 1780(a);

     e.     For attorney's fees pursuant to Civ.Code § 1780(d);

     f.     For a prohibitory permanent injunction enjoining the further sale of bogus leather chairs without disclosing the true composition of the material used and the percentages of non-leather material thereof;

g.    For costs of suit pursuant to Fed.R.Civ.P.54(d) and Title 28 U.S.C. § 1920;

h.    For any other such relief as the court deems proper.

## VII.

## DEMAND FOR JURY TRIAL

43.    Pursuant to Fed.R.Civ.P. 38 (b) and C.D.L.R. 38-1, Plaintiffs hereby demand(s) a jury trial on any and all issues qualified for a jury trial to which there is an entitlement to a jury trial under the United States Constitution.

Dated: October 23, 2020

By: _____

       Okorie Okorocha
       Attorney for Plaintiff Gene Moran
       And all Persons Similarly Situated

CLASS ACTION COMPLAINT FOR DAMAGES