UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02043-JLS-JDE                    Date: June 16, 2021
Title: Gene Moran v. Office Depot, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                         Not Present

**PROCEEDINGS:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff filed this putative class action on October 23, 2020, asserting a number of California consumer protection claims. (*See* Compl., Doc. 1; First Amended Complaint ("FAC"), Doc. 15.)

Although Plaintiff seeks to represent a class of similarly situated persons, he has not invoked the Class Action Fairness Act ("CAFA"), which "gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).

Instead, Plaintiff invokes non-CAFA diversity jurisdiction under 18 U.S.C. § 1332. A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In determining the citizenship of a corporation, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" *Id.* § 1332(c)(1). As to the amount in controversy, "[w]here the plaintiff originally files in federal court, the amount in controversy is determined from the face of the pleadings." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010) (internal quotation marks omitted).

Here, Plaintiff alleges that he is a citizen of California and that the Defendant is a citizen of Florida. (FAC ¶¶ 2–3.) However, as to the amount in controversy requirement,

_____
                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA

                     **CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-02043-JLS-JDE                          Date: June 16, 2021
Title: Gene Moran v. Office Depot, Inc.
_____

Plaintiff's First Amended Complaint ("FAC") does not seek any specific monetary sum. Moreover, the FAC's allegations concern a chair that Plaintiff purchased for $232.13; therefore, the Court cannot plausibly infer that Plaintiff's claims, even factoring in any punitive damages and attorneys' fees, place more than $75,000 in controversy.  Of course, Plaintiff cannot rely on the claims of unnamed class members to meet the amount in controversy requirement.  *See Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973) (the named plaintiff must satisfy the jurisdictional amount), superseded on other grounds by statute as recognized by *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

      Accordingly, the parties are ORDERED to show cause, in writing (no longer than five (5) pages), **within seven (7) days of the date of this Order**, why the Court should not dismiss this action for lack of subject matter jurisdiction.  Failure to timely respond will result in the immediate dismissal of the case.

      Initials of Deputy Clerk: mku